THOMAS G. MOUZES (SBN 099446)
MARK GORTON (SBN 099312)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Phone: 916.321.4444
Fax: 916.441.7597
Email: tmouzes@boutinjones.com
mgorton@boutinjones.com

Attorneys for creditors
Gregory G. Smith, M.D. and Carmelita Yambalia

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| In re<br><br>GREGORY G. SMITH, M.D., A PROFESSIONAL CORPORATION,<br><br>Debtor. | **Case No. 20-24783-A-11**<br><br>**Docket Control No. BJI-1**<br><br>Chapter 11<br><br>**REPLY BRIEF SUPPORT OF MOTION OF GREGORY G. SMITH, M.D. AND CARMELITA YAMBALIA FOR STAY RELIEF (STATE COURT LITIGATION)**<br><br>Date: January 4, 2021<br>Time: 1:30 p.m.<br>Place: United States Bankruptcy Court<br>Eastern District of California,<br>Sacramento Division<br>501 I Street, Dept. A, Crtrm. 28<br>Sacramento, CA 95814<br>Judge: Honorable Fredrick E. Clement |

## **TABLE OF CONTENTS**

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. REPLY | 1 |
|     1. The Debtor Is A Party To The Underlying Agreements In Dispute Encompassed by the State Court Action | 1 |
|     2. The Debtor And Mr. Patel Are Fully Aware of the Procedural Posture of the State Court Action And That The Debtor Was Not A Defendant. | 5 |
|     3. There Is No Reason To Condition Stay Relief. | 6 |
| III. RESERVATION OF RIGHTS AND DEMAND FOR JURY TRIAL | 8 |

**REPLY BRIEF IN SUPPORT OF MOTION FOR STAY RELIEF (STATE COURT LITIGATION)**
1130582.2

Gregory Smith, M.D (sometimes "<u>Dr. Smith</u>") and Carmelita Yambalia (sometimes, "<u>Mrs. Smith</u>" and sometimes collectively with Dr. Smith, "<u>Movants</u>" or "<u>Dr. and Mrs. Smith</u>"), submit this Reply in support of their motion for an order terminating the automatic stay of 11 U.S.C. § 362 (the "<u>Motion</u>") with regard to the pending prepetition state court complaint in which they are plaintiffs entitled <u>Gregory G. Smith, MD, an individual, et al., v. Miteshkumar Patel, et al.</u>, the related cross-complaint in which they are cross-defendants entitled <u>Gregory Smith, M.D., APC, and Mike Patel v. Gregory Smith and Carmelita Smith</u>, and all related actions, cross-complaints, cross actions, motions, and proceedings in Case No. 34-2020-00283589 in the Superior Court of the State of California, County of Sacramento (collectively, the "<u>State Court Action</u>"), including to add Debtor Gregory G. Smith, M.D., Inc. (sometimes "<u>Debtor</u>") to the State Court Action as a defendant.[1]

## I. INTRODUCTION

Movants have demonstrated that cause exists to terminate the automatic stay as requested by Movants for the State Court Action given the procedural posture of that case and the issues involved therein including to add Debtor as a defendant in the State Court Action, and that the Court should grant the motion as requested by Movants.

While the Debtor has filed Limited Opposition unsupported by any evidence claiming not to oppose the requested relief in substance, the Opposition contains several unsupported misstatements and a requested condition and is somewhat disingenuous. Movants will attempt to address the inaccuracies, conditions and the issues raised in the limited opposition raised.

## II. REPLY

**1. The Debtor Is A Party To The Underlying Agreements In Dispute Encompassed by the State Court Action.**

The claim of the Debtor that Movants "have yet to articulate in detail" the potential claims to be asserted in the State Court Action is disingenuous. *See* Opposition, page 3, line 4. The moving papers set forth in detail the complex contract, corporate control and other issues and events encompassed by the State Court Action and its current procedural posture arising out of Mike Patel's wrongful seizure of control of the Debtor and the subsequent bankruptcy case filing. In light of

---

[1] Capitalized terms not defined in this Reply have the meanings ascribed to them in the Memorandum in Support of Motion of Gregory G. Smith, M.D. and Carmelita Yambalia for Relief from Stay (Dkt. 70).

1

**REPLY BRIEF IN SUPPORT OF MOTION FOR STAY RELIEF (STATE COURT LITIGATION)**
1130582.2

those circumstances, a full adjudication of the claims, rights, duties, liabilities, obligations and interests of the parties under the agreements, including those of the Debtor and the Movants, require that the Debtor be joined as a defendant and that all affirmative claims for relief, including concerning the Purchase Agreement and the Option Agreement be filed and prosecuted by Movants including against the Debtor Gregory G. Smith, M.D., Inc. in the State Court Action.

The record reflects there are substantive disputes among the parties to the agreements, including whether the agreements reflect the transaction of the parties thereto, whether there was a meeting of the minds, the terms and scope of those agreements, items encompassed thereby and the existence of the joint venture.

The Debtor and Mr. Patel are fully aware that the Debtor is a party to the underlying Purchase Agreement and Option Agreements in dispute, even supplying copies of those agreements to the undersigned, and Mr. Patel having testified at the first meeting of creditors regarding some of those agreements and the nature of that dispute. Among other things, Mr. Patel testified that the State Court Action involves issues including concerning the ownership of the Debtor. Reply Declaration of Thomas Mouzes ("Mouzes Declaration"), ¶¶4, 5, 8 and 10.T.

Debtor and Mr. Patel are fully aware of the Purchase Agreement and its respective terms and that the Debtor is a party to that agreement. Redacted copies of the first and last page of the Purchase Agreement and the Option Agreement provided by the Debtor's attorney are attached as Exhibits 5 and 6 to the Mouzes Declaration. Mr. Patel testified at the first meeting of creditors that by the Purchase Agreement among only Debtor (not Dr. Smith individually), Dr. Kyle and Mike Patel, Dr. Kyle acquired 25% of the shares in the Debtor at the closing of the Purchase Agreement in October 2018. The 75% balance of the Stock in the Debtor continued to be owned by Dr. Smith but was subject to an option to purchase in favor of Dr. Kyle and Mike Patel. Mouzes Declaration, ¶¶10.I, J.

Mike Patel and Dr. Kyle were not involved in the discussions and negotiations with Dr. Smith leading up to the Purchase Agreement. Instead, Sarath Artham conducted the negotiations with Dr. Smith. Sarath Artham is the CEO of Nivano Physicians, Inc. and Mike Patel is the majority shareholder and a director of Nivano. Mouzes Declaration, ¶¶10.G, H.

1    The Purchase Agreement referenced a number of documents including a voting trust, a buy-sell agreement and an employment agreement. The voting trust, buy-sell agreement and employment agreement have not been produced to date and it is not certain they ever existed. Mr. Patel refused to answer questions of Mr. Mouzes concerning his understanding of the voting trust and his ability to vote the shares in the Debtor. Mouzes Declaration, ¶¶10.K, L.

The record also reflects that in October 2018, Dr. Kyle, Mike Patel, Debtor and Dr. Smith executed the Option Agreement. According to Mike Patel under the Option Agreement, "…further terms were reached and clarified for the exercise of the option in favor of Kyle and me." *See* Declaration of Miteshkumar Patel (Mike Patel) In Support of Debtor in Possession's Motion to Employ Special Counsel, Motion Control No. MKH-5, Doc. No. 78, filed November 19, 2020 ("Patel Declaration").[2] Mouzes Declaration, ¶5.

According to the testimony of Mr. Patel at the first meeting, on August 11, 2020, the day before he purported to give the August Stock Notice, defined below, the holders of all of the stock in the Debtor were as follows: Dr. Smith 75% and Dr. Kyle, 25%. Mouzes Declaration, ¶¶6, 10.M.

By a document entitled "Stock Option Exercise Notice" as of August 12, 2020 ("August Stock Notice"), Mike Patel purported to exercise the "Purchase Option" under the Option Agreement (for the 75% of the stock in the Debtor), and to give *his* written notice of the exercise of the Purchase Option. The August Stock Notice was signed only by Mike Patel. He testified that the August Stock Notice reflects his exercise of the Purchase Option. Proof of alleged payment of the consideration for the option consideration has not been provided. Mouzes Declaration, ¶¶6, 10.M, N.

The testimony of Mr. Patel also evidences that Mike Patel and Dr. Kyle both acting on the August Stock Notice then wrongfully seized control of the Debtor and took a number of actions to oust Dr. Smith as CEO and a director, including electing themselves as directors to the board of the Debtor and then appointed new officers of the Debtor including Mike Patel as CEO, Paragi Patel his

---

[2] Mr. Patel testified at the meeting of creditors that paragraph 4 of his declaration (Doc. No. 78) was not accurate as Dr. Smith individually did not sign the Purchase Agreement. Rather the Debtor signed the document. Further, Mr. Patel did not acquire 25% of the stock of the Debtor as stated in the declaration, but Dr. Kyle acquired the stock in the Debtor. Mr. Patel testified that the mistakes in paragraph 4 of his declaration needed to be corrected. Mouzes Declaration, ¶10.Q.

3
**REPLY BRIEF IN SUPPORT OF MOTION FOR STAY RELIEF (STATE COURT LITIGATION)**
1130582.2

wife as CFO, and Mirla Davila as Secretary. Mouzes Declaration, ¶¶6, 10.C, D, E, M, O, P.

At paragraph 6 of the Patel Declaration, at page 2, line 24 through page 3, line 2, Mike Patel summarized his actions as follow:

> Given the circumstances noted above, in August 2020, I duly exercised my rights under the agreements described above, and notified Smith of my and Kyle's [sic] formal exercise of our option to acquire a 100% ownership interest in the Debtor between us. Then, as sole shareholders, we selected a Board of Directors for the Debtor, and duly amended the Debtor's bylaws. The Board of Directors formally named the Debtor's current officers, and at about this time the Debtor's Statement of Information was amended to reflect the Debtor's current owners and officers.

Thereafter, the Board of Directors controlled by Mike Patel then filed this case.

The Debtor and Mr. Patel are fully aware that the Debtor is a party to the agreements at issue in the State Court Action and that there are substantive disputes among the parties to the agreements concerning the events preceding and the conduct after the Purchase Agreement, the Option Agreement and other agreements, including whether the agreements reflect the transaction of the parties thereto, whether there was a meeting of the minds, the terms and scope of those agreements and the existence of the joint venture. He even testified that the pending State Court Action involves issues including concerning the ownership and control of the Debtor. Mouzes Declaration, ¶10.T.

The Debtor and its attorneys are also aware (or should be aware) that under applicable state law that parties to agreement are necessary and all persons who may be affected by relief sought including declaratory relief should be joined. California Code of Civil Procedure §389(a), <u>Aetna Cas. & Sur. Co. v. Aceves</u>, (1991) 233 Cal.App.3d 544, 554.[3]

The claim of the Debtor that Movants "have yet to articulate in detail" the potential claims is to be asserted in the State Court Action is unfounded.

---

[3] Code of Civil Procedure §389(a) provides: A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

REPLY BRIEF IN SUPPORT OF MOTION FOR STAY RELIEF (STATE COURT LITIGATION)

1130582.2

### 2. The Debtor And Mr. Patel Are Fully Aware of the Procedural Posture of the State Court Action And That The Debtor Was Not A Defendant.

The Debtor and Mr. Patel are also fully aware of the procedural posture of the State Court Action including arising as a consequence of Mr. Patel seizing control of the Debtor and then wrongfully filing this bankruptcy case as part of his efforts to solidify his control of the Debtor and squeeze out Movants under the protection of the automatic stay provided by federal law.

As the moving papers reflect, on or about August 20, 2020, and prior to the filing of this case, and because of the wrongful acts of the Mr. Patel, the entities controlled by him and Dr. Kyle, Dr. Smith and his wife and Gregory Smith MD, a professional medical corporation (the Debtor), filed the State Court Action against Mr. Patel, Dr. Kyle and others for a variety of state court contract and tort claims including those involving the Purchase Agreement and related agreements. *See* State Court Complaint. The Debtor was a plaintiff and <u>not</u> a defendant to the State Court Action at the time the State Court Action was filed. Declaration of Theodore Spanos ("<u>Spanos Declaration</u>"), Ex. 1, pp. 3-30.

After Mr. Patel and Dr. Kyle wrongfully seized control of Gregory Smith MD, a professional medical corporation and attempted to oust Dr. Smith, Mr. Patel and Dr. Kyle caused the Debtor to file this bankruptcy case on October 15, 2020, to solidify their control of the Debtor. The bankruptcy filing gave rise to the automatic stay, including the stay on exercising control over property of the estate. 11 U.S.C. section 362(a)(3). Because of the bankruptcy filing caused by Mr. Patel and Dr. Kyle, and the implications of the automatic stay, in the State Court Action, a Request for Dismissal was submitted of the Debtor as a plaintiff. Spanos Declaration, Ex. 2.

The Debtor was not a defendant in the State Court Action, but the Debtor, under control of Mike Patel, filed bankruptcy and was subject to the automatic stay, and Mr. Patel filed an Answer to the Complaint in the State Court Action on or about October 27, 2020. It is noteworthy that the law firm of Ropers Majeski which filed Mr. Patel's Answer did not file his Cross-Complaint. Spanos Declaration, Ex. 4, at pp. 69-79.

That said, after the bankruptcy filing with the Debtor under the full control of Mr. Patel and protected by the automatic stay and under no obligation or pressure to do anything in the State Court

1. Action, the Debtor decided to voluntarily intervene and inject itself into the State Court Action with a wrongful "Cross-Complaint" filed against Dr. and Mrs. Smith.[4] The Cross-Complaint was filed by attorney Philipp Saud (an attorney fully employed by Mr. Patel's company's) for ***the Debtor*** (without seeking authority from this Court and without compliance with the bankruptcy rules for the employment of professionals) and Mike Patel. A copy of the "Cross-Complaint" is attached to the Spanos Declaration as Ex. 3, at pp. 35-67. (See Doc. No. 68, 69).

The assertion that the filing of a "Cross-complaint" ***by the Debtor*** was necessary because of the state law compulsory pleadings requirements is wholly unsupported by legal authority. Only an existing party against whom a cause of action has been asserted may file a "cross-complaint" in an action. California Code of Civil Procedure section 428.10. *"A party against whom a cause of action has been asserted in a complaint or cross-complaint may file a cross-complaint...."* Emphasis Added. The Debtor was not an existing party against whom a cause of action was asserted. At the time, the Debtor was a plaintiff.

The Debtor and Mr. Patel are fully aware of the procedural status of the State Court Action and the necessity to bring this motion for stay relief to add the Debtor as a Defendant.

Having voluntarily injected itself as a party to the State Court Action, it is too late for the Debtor to complain or to attempt to condition the relief requested by Movants.

### 3.     There Is No Reason To Condition Stay Relief.

After Mr. Patel and Dr. Kyle, wrongfully seized control of the Debtor in August 2020, after Movants and the Corporation sued them and others in August 2020 in the State Court Action, after Mr. Patel and Dr. Kyle caused this bankruptcy case to be filed to attempt to solidify their control of the Debtor and to disrupt the Movants' State Court Action, after the unauthorized employment of counsel by the Debtor of Mr. Saud (a person fully employed by Mike Patel and his various entities and under his control) without full disclosure and the approval of this Court after notice to creditors, and after the Debtor under full protection of the automatic stay and the control of Mike Patel

---

[4] It is appropriate for this Court to infer that the primary reasons for filing the bankruptcy were to disrupt Movants' State Court Complaint against Mike Patel, Dr. Kyle, and the other Patel insiders; to gain leverage and a tactical advantage in the intracompany dispute; to use the office of this Bankruptcy Court to legitimize Mike Patel's usurpation of control over the Debtor; and to attempt to squeeze out and destroy Movants and their interests in the Debtor.

**REPLY BRIEF IN SUPPORT OF MOTION FOR STAY RELIEF (STATE COURT LITIGATION)**
1130582.2

unilaterally injected itself into the State Court Action as a "Cross-Complainant" contrary to applicable state law, the Debtor, now incredibility requests this Court to delay Movants' stay relief so that the Debtor can find counsel. This example of hubris and bad faith request should be summarily rejected. Granting such delay will only be taken as an invitation for the Debtor to come up with more reasons to further delay and prejudice Movants.

The Debtor, under the control of Mr. Patel, has already fired multiple salvos at Movants and injected itself in the State Court Action and it is late in the day to attempt to unilaterally declare a cease-fire for further delay to prejudice Movants, while at the same time the Debtor under the full wrongful control of Mr. Patel, prosecutes this bankruptcy case to prejudice and impair Movants and their interests.

As matters stand, if stay relief is granted, Movants would likely need to draft and prepare a First Amended Complaint, file a motion in the State Court for leave to file the Amended pleading, obtain an order granting leave and then serve the Amended pleading on the Debtor. The Debtor would thereafter have 30 days to respond. That entire process is likely to take more than 60 days, which should be more than sufficient time for the Debtor, under the control of Mr. Patel, to find and employ counsel with this Court's approval to represent the Debtor. Of course, and ignored by the Debtor, one option for the Debtor is not to respond to the charging allegations in any amended pleading filed by the Movants.

Finally, granting relief from stay for the full adjudication of all claims as requested will not undermine this Court's jurisdiction to resolve the rights of the parties under the Bankruptcy Code. Rather, it will merely allow the Superior Court to preside over the liquidation of Movants' claims and the disputes including against the Debtor in a single forum. *See In re Tucson Estates, Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990) (noting how allowing the state court action to proceed would "determin[e] whether the [state court plaintiffs] have a liquidated claim to file in the bankruptcy, not how that claim should be administered"). Movants have not sought attorney fees as suggested by the Debtor.

Movants have demonstrated that cause exists for the termination of the automatic stay as requested in the motion and for a waiver of the 14 day stay. This motion should be granted.

**REPLY BRIEF IN SUPPORT OF MOTION FOR STAY RELIEF (STATE COURT LITIGATION)**
1130582.2

### III. RESERVATION OF RIGHTS AND DEMAND FOR JURY TRIAL

Nothing herein nor in any other appearance, pleading, claim, proof of claim, suit, motion or any other writing or conduct shall constitute a waiver by the Movants of any procedural and/or substantive rights, remedies and/or defenses including, without limitation: (a) the right to have any and all final orders in any and all matters entered only after de novo review by a United States District Court Judge; (b) the right to have any matter heard and tried before an Article III court; (c) the right to trial by jury in any proceeding as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related hereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (d) the right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; (e) other rights, claims, actions, remedies, defenses, setoffs, recoupments or other matters to which this party/parties is/are entitled under any agreements or at law or in equity or under the United States Constitution; and/or (f) the right to be served directly with pleadings commencing an adversary proceeding, contested matter and/or lawsuit.

All of the above rights and/or remedies are hereby expressly reserved. The filing of this motion or participating in these bankruptcy cases, or any of them, shall **not** be deemed to constitute a concession or admission of jurisdiction in the case or cases or before this Court or any other court. Movants do **not** consent to the bankruptcy court's jurisdiction or the jurisdiction of any other court. Movants do **not** consent to the entry of final judgments, orders and/or decrees by the bankruptcy judge/bankruptcy court. At all times, Movants demand a jury trial. Movants do **not** consent to the bankruptcy court/bankruptcy judge conducting any jury trial.

Respectfully submitted,

DATED: December 22, 2020

BOUTIN JONES INC.
Attorneys at Law

By: _____/s/ Thomas G. Mouzes_____
      THOMAS G. MOUZES

Attorneys for Gregory G. Smith, M.D. and Carmelita Yambalia